# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | EDMOND E. CHANG | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1434 | **DATE** | April 15, 2011 |
| **CASE TITLE** | John Sanford a/k/a John Williams (#N-13067) vs. Warden Reed, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $23.22 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Pinckneyville Correctional Center. The clerk is directed to issue summonses for service on the defendants by the U.S. Marshal. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ **[For further details see text below.]**     Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and health care providers at the Stateville Correctional Center, violated the plaintiff's constitutional rights by using unjustified force against him, by inserting a feeding tube against his will when the plaintiff went on hunger strike, and by providing grossly incompetent medical care.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $23.22. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

**(CONTINUED)**

mjm

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated colorable federal causes of action against the defendants. "The core requirement for [an excessive force] claim is that [the defendant] used force not 'in a good-faith effort to maintain or restore discipline,' but 'maliciously and sadistically to cause harm.' " *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009), quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Furthermore, inmates have a constitutionally-protected [if limited] interest in refusing unwanted medical treatment. *See, e.g., Russell v. Richards*, 384 F.3d 444, 447 (7th Cir. 2004), *citing Cruzan v. Director, Missouri Dep't of Health*, 497 U.S. 261, 278-79 (1990); *Washington v. Harper*, 494 U.S. 210, 221-22 (1990). In addition, correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). Deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005), or by "woefully inadequate action." *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999). While a more fully developed record may belie the plaintiff's allegations, the defendants must respond to the complaint.

The clerk shall issue summonses forthwith. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former correctional employees who no longer can be found at the work address provided by the plaintiff, the Illinois Department of Corrections and/or Wexford Health Services shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.